TJOFLAT, Circuit Judge,
concurring specially.
As I explain in my dissent to the court’s refusal to rehear Rodriguez en banc, the *391 error in a case such as this — where the district court enhances the defendant’s sentence on the basis of facts not admitted by the defendant or found by a jury — is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, 406 F.3d 1261 (11th Cir.2005) (Tjoflat, J., dissenting from the denial of rehearing en banc).[1] Accordingly, the court should consider whether the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings,” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993), and in this case, it does. I concur in the court’s judgment because we are Rodjñguez bound.

. Jackson fails to establish the third prong of the plain error standard because he has not shown (from whatever the district judge may have said on the record at his sentencing hearing) "that his sentence would have been different but for the court’s use of the mandatory guidelines.” Ante at-. As a practical matter, such a showing is — in this case and in almost every case of Booker plain error review — impossible to make.